**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LIGIA JOSEFINA FERNANDEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2942-HE** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# <u>REPORT AND RECOMMENDATION</u>

Petitioner Ligia Josefina Fernandez, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set a briefing schedule. Doc. 7. Respondents filed a Motion to Dismiss. Doc. 7. Petitioner has not timely responded. Because Petitioner is no longer in ICE custody and this Court can grant no relief to her, the undersigned recommends the Court (1) grant the Motion to Dismiss and (2) dismiss the Petition as moot.

## I. <u>Background</u>

Petitioner, a citizen of Venezuela, entered the United States on or about October 13, 2022. Pet. at 2. She alleges she has a pending application for asylum and holds an

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Employment Authorization Document valid through October 2028. *Id.* Petitioner further alleges ICE took custody of her on December 31, 2025. ICE also initiated removal proceedings against her. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last accessed Nov. 20, 2026) (indicating docket date of August 31, 2026, for Petitioner's removal proceedings).

On October 15, 2026, Petitioner filed her Petition alleging, among other things, that her ICE detention without a second bond hearing violated the Immigration and Nationality Act and her rights to due process. Pet. at 10-12. When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 2.

On November 2, 2026, Respondents filed a Motion to Dismiss. Doc. 7. Respondents advised that Petitioner received a bond hearing before an Immigration Judge ("IJ") on October 16, 2026, and was released on a $5,000 bond with certain conditions. *Id.* at 1; Doc. 7-1 (IJ Order). Respondents request that the Court dismiss the Petition because "the remedy Petitioner seeks—an individualized bond hearing or immediate release—has already been effectuated, and there are no further remedies that this Court could provide." Doc. 7 at 2. Petitioner has not timely responded to the Motion to Dismiss.

## II. **Standard of Review**

To obtain habeas corpus relief, Petitioner must show she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

## III. <u>Analysis</u>

Petitioner properly filed her Petition in this district because she was detained here at the time of filing. Pet. at 2; *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting a § 2241 petition "must be filed in the district where the prisoner is confined"). Petitioner satisfied the "in custody" requirement under § 2241 "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (noting that petitioner met the "in custody" requirement of § 2241 because he was "in custody at the time of filing" (quoting 28 U.S.C. § 2241)). "The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer

proceed and must be dismissed as moot." *Id.* at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union*, 567 U.S. 298, 307 (2012) (citation modified).

Here, Petitioner is no longer in ICE custody and has been released. Doc. 7 at 1. Though jurisdiction attached in this district when Petitioner filed her Petition, her subsequent release from ICE custody may render her Petition moot. The Petition does not become moot, however, merely because Petitioner has been released from ICE custody. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences . . . adequate to meet Article III's injury-in-fact requirement.'" *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges her detention in ICE custody and Respondents' failure to provide another bond hearing. *See generally* Pet. at 10-12. In similar circumstances, courts have concluded a petitioner's release from immigration custody mooted a habeas challenge to the legality of his detention, where the only possible "continuing injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Further, any determination now as to whether Petitioner's detention violated her due process rights would amount to an advisory opinion that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding

[petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with him).

Petitioner is no longer in ICE custody, and the relief she requests is no longer available and cannot be redressed by a favorable judicial decision. After reviewing Petitioner's claims and prayer for relief, the undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine.[2] No concrete or continuing injury to Petitioner appears to remain after her release from ICE custody. As such, Petitioner's habeas challenge to her detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition should be dismissed as moot. *See, e.g.*, *Suarez-Tejeda v. United States*, 85 F. App'x 711,

[2] The Tenth Circuit recently addressed the mootness exception for wrongs capable of repetition yet evading review in an immigration habeas action. *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *5-9 (10th Cir. Oct. 21, 2026). There, a petitioner had a final order of removal, was released on conditions in 2002, and was re-detained by ICE officials in 2025 based on ICE's claim that removal to a third country was now possible. *Id.* at *1-2. The petitioner filed a habeas petition that was denied; he appealed. In the meantime, the district court granted habeas relief on the petitioner's later petition, finding no real likelihood of his imminent removal. Respondents moved to dismiss as moot the appeal of the first petition's denial because he was released. The Tenth Circuit concluded the petitioner "established a reasonable expectation that his injury will recur" based on his removal order remaining in effect, ICE's continued efforts to remove him to a third country, and the "real and substantial threat" he could be re-detained even "through good conduct" if ICE later determined his removal to a third country was reasonably foreseeable. *Id.* at *8-9.

The undersigned reads *Abedi's* analysis of this mootness exception to apply more squarely to a petitioner with a final order of removal who establishes he "cannot avoid recurrence of his claimed injury through good conduct." *Id.* at *8. Here, in contrast, Petitioner (1) does not have a final order of removal, (2) has not responded to the Motion to Dismiss, and (3) has not argued in any way that a mootness exception applies. As such, Petitioner has not established any reasonable expectation that her injury will recur.

716 (10th Cir. 2004) (ruling an immigration detainee's habeas challenge to detention was moot when he was released on conditions and "effectively received the relief he has requested"); *Sule v. I.N.S.*, 189 F.3d 478, 1999 WL 668716, at *1 (10th Cir. 1999) (unpublished table decision) (concluding an immigration detainee's release from immigration custody through deportation "mooted his challenge to the legality of his detention"); *see also Mounivong v. Bondi*, No. CIV-25-1483-PRW, 2025 WL 3907008 (W.D. Okla. Dec. 22, 2025) (recommending dismissal of habeas petition as moot when petitioner was removed to home country and no longer in ICE custody) (R&R), *adopted*, 2026 WL 69364 (W.D. Okla. Jan. 8, 2026).

## IV. Recommendation and Notice of Right to Object

Petitioner's release from ICE custody renders her Petition moot, as there is no longer an actual case or controversy for the Court to decide. The undersigned therefore recommends that the Court **GRANT** Respondents' Motion to Dismiss, Doc. 7, and **DISMISS** the Petition, Doc. 1, as moot.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **December 4, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 11, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of November, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE